1  Steven C. Finley CSB# 074391
   HENNEFER, FINLEY & WOOD, LLP
2  425 California Street, 19th Floor
   San Francisco, CA 94104
3  Telephone: (415) 296-0111
   Facsimile:  (415) 296-7111
4  Email: finley@finleydeaton.com

5  Special Counsel for Debtor and Appellant DIMAS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| In re: | Case No.: 5:07-CV-4084 JF |
|---|---|
| DIMAS, LLC | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION FOR STAY PENDING APPEAL** |
| *Debtor and Appellant.* | |
| RE: | Date: To be determined |
| Bankruptcy Case: 02-51420-MM | Time: To be determined |
| Adversary No. 02-5453 | Courtroom: Hon. Jeremy Fogel |
| BAP No. n/a | |
| Appellant: Dimas LLC | |

I.  **INTRODUCTION**

This Appeal by Debtor Dimas, LLC is from the allowance by the Bankruptcy Court of a claim for "money loaned" after trial. The Bankruptcy Court allowed Milpitas Countryside Estates Development, Inc. ("MCED") to file its disputed claim four years after the claims bar date, and then allowed the claim with the finding that MCED had not loaned monies to the Debtor, but rather that the parties had intended to enter into a joint venture agreement as to which there was no "meeting of the minds", and that therefore it was fair and equitable that MCED receive restitution

of the monies which it has invested pursuant to the intended joint venture. The Bankruptcy Court's order also denied Debtor any relief on its Adversary Proceeding against MCED. MCED's late claim was consolidated with the adversary proceeding for the purposes of trial. Debtor Dimas, LLC has appealed the Bankruptcy Court's order to this Court essentially on grounds that MCED's claim should have been disallowed because:

1.  *The filing of a claim by MCED four years after the bar date should not have been allowed;*

2.  There was a joint venture agreement between Debtor and MCED under which the parties' rights and obligations should have been determined by the Court; and

3.  If the parties had not entered into a binding joint venture agreement, restitution to MCED is not fair and equitable; and

4.  That Dimas should have been afforded relief against MCED on its adversary proceeding.

Dimas' bankruptcy estate, which consists of a bank account held in trust by Dimas' former Special Counsel, Berliner Cohen, has a present balance of $881,929.94 (excluding interest accrued since June 30, 2007) with only two other creditor's claims of $150,000 and $932 and with disputed administrative fees of $85,863. The balance of $646,066.94 is more than sufficient to provide surety for MCED's claim of $467,829 together with interest at the federal rate pending appeal. MCED has no funds and is owned and controlled by foreign nationals. If MCED's claim is paid pending appeal, and this appeal is successful, Debtor (which has no funds for further litigation) will have *no ability to recover the funds from MCED.*

As required by Federal Rule of Bankruptcy Rule 8005, Debtor has first applied to the Bankruptcy Court for a stay pending appeal; the request was denied by the Bankruptcy Court as set forth below.

## II. PROCEDURAL HISTORY

Dimas, LLC filed a voluntary petition for bankruptcy under Chapter 11 on March 13, 2002, listing MCED as a disputed creditor. The Bankruptcy Court established July 9, 2002 as the last date to file proofs of claim. On November 18, 2002 Dimas filed an adversary proceeding against MCED and others, amended on April 16, 2003, alleging that MCED had engaged in a conspiracy to wrongfully foreclose upon Dimas' property. (Adversary No. 02-5453).

Debtor and filed a Chapter 11 Plan and Disclosure Statement on December 3, 2004, and a First Amended Plan and Disclosure Statement on January 20, 2006. After filing an objection to the plan, MCED filed a motion for permission to file a late claim which was granted by the Court on July 7, 2006. At that time the Court consolidated Debtor's objection to MCED's claim with the trial on Adversary Proceeding No. 02-5453.

On October 4, 2006 MCED filed a proof of claim in the sum of $534,829 for "money loaned", which it amended on October 19, 2006 to $467,000, also for "money loaned".

MCED's claim and Dimas' Adversary Proceeding against MCED, consolidated for trial, were heard before Honorable Marilyn Morgan in the U.S. Bankruptcy Court between February 20 and on July 23, 2007 the Court issued its Memorandum Decision and Order After Trial, allowing MCED's claim in the sum of $467,829 and denying Debtor relief on its Adversary Proceeding. The Order was entered on July 24, 2007, and on August 5, 2007, Dimas filed a timely appeal and a separate Statement of Election to have the appeal heard in this Court. On August 3, 2007 the Bankruptcy Court heard and denied Dimas' motion for stay of any payment of the claim pending this appeal.

//
//

III. **FEDERAL RULE OF BANKRUPTCY 8005 PERMITS THIS COURT TO STAY PAYMENT OF THE CLAIM PENDING APPEAL**

Federal Rule of Bankruptcy 8005 authorizes a motion to be made to the district court for a stay of a judgment or order of a bankruptcy judge or other relief pending appeal, after the motion has first been presented to the bankruptcy judge in the first instance. The motion to the district court should show why the relief was not obtained from the bankruptcy judge, and the district court may condition relief on the filing of a bond or other appropriate security with the bankruptcy court.

IV. **APPELLANT HAS APPLIED TO THE BANKRUPTCY JUDGE FOR A STAY PENDING APPEAL, WHICH HAS BEEN DENIED**

On August 3, 2007 Honorable Marilyn Morgan, the bankruptcy judge, heard and denied Appellant's motion for a stay of the payment of MCED's claim pending this appeal. Judge Morgan stated the basis for her decision as follows:

1. As set forth in her Memorandum Decision, she did not believe that there was a likelihood that Appellant would prevail on the merits of its appeal;

2. In her view, the Appellant would not suffer irreparable harm if this stay was not granted, because Appellant's interest was merely "financial" – in other words the amount of the claim, citing *Elias v. Connett* 908 F.2d 526-7 (9th Cir. 1990); and

3. The public interest was not furthered by a stay.

Judge Morgan agreed that, as the trial judge, rendering the decision, she would always be of the view that there was no likelihood of success on appeal. (See Finley Declaration, Paragraphs 5 and 6).

//

//

-4-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION FOR STAY PENDING APPEAL

V.  **THIS COURT SHOULD GRANT A STAY OF PAYMENT OF MCED'S CLAIM PENDING APPEAL**

Because the payment of MCED's claim is fully protected by the amount remaining in the Debtor's bankruptcy estate, there is the equivalent of a supersedeas bond which would entitle Appellant to a stay as of right. *Collier on Bankruptcy* states:

> "Ordinarily a stay of the judgment of the bankruptcy court pending appeal may be obtained as of right by offering a supersedeas bond with sufficient surety in an amount sufficient to protect the interests of the appellee."

*Collier on Bankruptcy* Section 8005.05.

A supersedeas bond must be sufficient to protect the rights of the party who prevailed in the bankruptcy court. *In Re: Swift Aire Lines, Inc.* 21 B.R. 12 (B.A.P. 9th Cir 1982). As set forth in the accompanying Declaration of Steven C. Finley, the amount remaining in the Debtor's estate account exceeds the amount of the claim by approximately $170,000 providing adequate protection to MCED. Finley Declaration, Paragraphs 7-11 and Exhibit A.

A.  **Appellant is also Entitled to a Discretionary Stay**

In the event that Appellant is not entitled to a stay as of right in light of the adequate protection provided by the amount of Debtor's estate, a discretionary stay is justified by satisfaction of the four factors customarily considered by the courts on a motion for stay:

1. The likelihood that the party seeking a stay will prevail;
2. Prospect of irreparable injury to moving party which might result without stay;
3. Relative certainty that no substantial harm would come to other parties if a stay were issued; and
4. Relative absence of harm to public interest if a stay were granted.

*Sandra Cotton, Inc. v. Bank of New York* 64 B.R. 262 (1986, WD NY).

-5-
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION FOR STAY PENDING APPEAL

While the bankruptcy court was of the view that Appellant had not established the first, third and fourth factors, as stated, there was no finding to the effect that MCED would suffer harm from the granting of the stay.

1. **Likelihood that Appellant Would Prevail on the Merits**

As the bankruptcy judge freely admitted, a judge who issues a decision will almost always be of the view that a party appealing from that decision is unlikely to prevail. For that reason, the courts have in several decisions softened this requirement so as not to employ the same standard as would govern an injunction, and rather to require only that there is a "substantial possibility" of success on the merits, not a "likelihood of success". See *In Re: General Credit Corp* 283 B.R. 658 (SD NY 2002); *In Re: Deep* 288 B.R. 27 (ND NY 2003) and *In Re: Queen* 121 B.R. 1 (1990 BC DC NH), finding that the requirement was satisfied if appellant has a "substantial case" on appeal, where the questions involved and raised on appeal are not frivolous or without substance and represent arguments and issues that could result in a reversal. See also *In Re: Howley* 38 B.R. 314 (1984 BC DC Minn), addressing the "importance of the right of appeal and preservation of the status quo during the appeal."

The Debtor Appellant raises essentially three issues on appeal;

1. Whether MCED should have been permitted to file a late claim four years after the claims bar date (see Request for Judicial Notice Exhibits B and C);

2. Whether the bankruptcy court erred in finding that there was no binding enforceable joint venture agreement between MCED and Debtor, and then declining to interpret or enforce that agreement (see Request for Judicial Notice Exhibits E, F and G); and

3. Whether, in light of its conclusion that there was no joint venture agreement, the bankruptcy court erred in allowing MCED's claim for "money loaned" by way of restitution for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF APPELLANT'S MOTION FOR STAY PENDING APPEAL

the full amount of monies which MCED paid pursuant to a written and signed joint venture agreement. (See Request for Judicial Notice Exhibits D and G).

As the court will discern from the bankruptcy court's Memorandum Decision (Request for Judicial Notice, Exhibit G), both Debtor and MCED signed joint venture agreements two days apart. The earlier signed agreement (June 20, 2001 - Request for Judicial Notice, Exhibit E) was *signed by Debtor but not by an authorized agent of MCED. The later agreement (June 22, 2001 – Request for Judicial Notice, Exhibit F) was signed by an authorized agent of MCED but not by Debtor.* Both Debtor and MCED adopted and ratified the later agreement, but disputed its proper interpretation in the bankruptcy court. Debtor also performed the later agreement by recording a Deed of Trust over its property in MCED's favor. Instead of interpreting the later agreement based upon all evidence introduced at trial, and determining which of the parties was in breach, the court found that there was no agreement and that there was no loan. Nevertheless, the court ordered restitution of the monies which MCED had invested in the project pursuant to the later agreement, even though the evidence was to the effect that MCED had refused to reconvey or restore the benefit which it had received under the agreement, namely the Deed of Trust, and that portion of the monies invested had been misappropriated by an individual whom both parties had appointed as the Project Manager of the joint venture.

From this very brief outline of the facts and issues involved in the appeal, Appellant submits that the first factor "substantial possibility" or "substantial issues" is satisfied. This is not a frivolous appeal, and it is evident from the Bankruptcy Court's 35 page decision that complex and contested issues are raised. See *In Re: Miraj & Sons, Inc.* 201 B.R. 23 (1996, BC DC Mass), holding that the requirement of "likelihood of success" is satisfied if appellant had a substantial case and; that it is not necessary at this early stage to find that reversal is likely. The requirement

### 2. Irreparable Harm If The Stay Is Not Granted

As set forth in the accompanying Declaration of Steven C. Finley, Appellee MCED is, according to its attorney, without funds or assets, and according to the evidence presented at trial, is owned by foreign nationals. (Finley Declaration, Paragraph 13). If MCED's claim is paid pending appeal, and Debtor's appeal is successful, Debtor (which is without funds for further litigation), will be unable to recover the monies paid to MCED thus rendering the appeal moot. See *In Re: Tenfield, Inc.* 12 B.R. 14 (1981, DC ED Pa), finding that denial of stay pending appeal to district court would render the appeal moot.

The bankruptcy court, applying the standard required for issuance of a preliminary injunction, found that debtor would not suffer irreparable injury by denial of the stay, because it had only a "financial interest"; citing *Elias v. Connett* 908 F.2d 521, 526-7 (9th Cir. 1990). (taxpayer was denied preliminary injunction against Internal Revenue Service collection of back taxes, since he could bring a refund suit).

The application of this standard to the requirement of "irreparable injury" for a stay pending appeal would mean that no money judgment of a lower court could ever be stayed pending appeal, even with the posting of a bond or its equivalent. However, the Ninth Circuit has held that upon the posting of a supersedeas bond to secure a money judgment, an appellant has a right to a stay of execution pending appeal, and that this principle applies to stays in bankruptcy as well. *In Re: Swift Aire Lines, Inc.* 21 B.R. 12, 14 (B.A.P. 9th Cir. 1982).

### 3. Whether Appellee Would Suffer Substantial Harm If The Stay Is Granted

The bankruptcy court made no finding that appellee would suffer substantial harm by the granting of the stay. In fact, as set forth in the accompanying Declaration of Steven C. Finley,

Paragraph 10) there are more than sufficient funds in the bankrupt estate to pay MCED's claim in full, together with interest at the legal rate during the pendency of the appeal.

### 4. Whether The Public Interest Would Be Harmed By The Granting Of Stay

The bankruptcy court made the finding that the granting of a stay would not further the public interest. However, that is not the applicable standard. There is no public interest involved in the granting or the denial of the stay, and there can be no showing that the public interest would be harmed in any way.

## VI. CONCLUSION

Debtor and Appellant Dimas respectfully requests the Court to stay the payment of MCED's claim pending this appeal.

Dated: August 23, 2007

Respectfully Submitted,

HENNEFER, FINLEY & WOOD

By _____
Steven C. Finley
Special Counsel for Debtor and Appellant
DIMAS, LLC

DIMAS MCED APPEAL\P-Stay Pending Appeal MPA.doc