EXHIBIT D

# ORIGINAL

☐ ORIGINAL

**FORM B10** (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

Name of Debtor: **DIMAS, LLC**    Case Number: **02-51420MM**

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (The person or other entity to whom the debtor owes money or property):
**MILPITAS COUNTRYSIDE ESTATES DEV., INC.**

Name and address where notices should be sent:
**LAW OFFICE OF LAWRENCE E. SMITH
18 Crow Canyon Court, Suite 205
San Ramon, CA 94583**
Telephone number: **(925) 820-4310**

Last four digits of account or other number by which creditor identifies debtor: **NONE**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
☐ Check box if you have never received any notices from the bankruptcy court in this case.
☒ Check box if the address differs from the address on the envelope sent to you by the court.

**FILED**

**OCT - 4 2006**

**CLERK
United States Bankruptcy Court
San Jose, California**

THIS SPACE IS FOR COURT USE ONLY

Check here ☐ replaces
if this claim ☐ amends a previously filed claim. dated: _____

1. Basis for Claim
☐ Goods sold
☐ Services performed
☒ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☐ Other _____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____

2. Date debt was incurred: **06/27/01 – 09/17/01**
3. If court judgment, date obtained: _____

4. Classification of Claim. Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.
Unsecured Nonpriority Claim $ **534,829**
☒ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Secured Claim
☐ Check this box if your claim is secured by collateral (including a right of setoff).
Brief Description of Collateral:
☐ Real Estate ☐ Motor Vehicle ☐ Other _____
Value of Collateral: $ _____
Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

Unsecured Priority Claim
☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)
☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

5. Total Amount of Claim at Time Case Filed: $ **534,829** (unsecured) ___ (secured) ___ (priority) **534,829** (Total)
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

6. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

7. Supporting Documents: Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

Date: **6/9/06**    Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
**Tony Hu, President**

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

10/4/06  _Lawrence E. Smith_
Attorney For Milpitas Countryside Estates, Inc.

COPY

FORM B10 (Official Form 10) (10/05)

| UNITED STATES BANKRUPTCY COURT   NORTHERN   DISTRICT OF   CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>DIMAS, LLC | Case Number:<br>02-51420MM | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

**FILED**

OCT 19 2006

CLERK
United States Bankruptcy Court
San Jose, California

THIS SPACE IS FOR COURT USE ONLY

Name of Creditor (The person or other entity to whom the debtor owes money or property):

MILPITAS COUNTRYSIDE ESTATES DEV, INC.

Name and address where notices should be sent:

LAW OFFICE OF LAWRENCE E. SMITH
18 Crow Canyon Court, Suite 205
San Ramon, California 94583
Telephone number:

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☒ Check box if the address differs from the address on the envelope sent to you by the court.

Last four digits of account or other number by which creditor identifies debtor:   NONE

Check here ☐ replaces
if this claim ☒ amends   a previously filed claim, dated: 10/4/06

**1.   Basis for Claim**
- ☐ Goods sold
- ☐ Services performed
- ☒ Money loaned
- ☐ Personal injury/wrongful death
- ☐ Taxes
- ☐ Other _____

- ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
- ☐ Wages, salaries, and compensation (fill out below)
  Last four digits of your SS #: _____
  Unpaid compensation for services performed
  from _____ to _____
     (date)                    (date)

**2.   Date debt was incurred:**
06/27/01 - 2/7/02

**3.   If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed. See reverse side for important explanations.

**Unsecured Nonpriority Claim** $467,000

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

**Unsecured Priority Claim**

☐ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority $_____

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim**

☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle   ☐ Other_____
Value of Collateral:   $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:   $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5.   Total Amount of Claim at Time Case Filed:**   $467,000 _____ _____ 467,000
(unsecured)   (secured)   (priority)   (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6.   Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

**7.   Supporting Documents:** Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary. *Includes documents previously submitted*

**8.   Date-Stamped Copy:** To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 10/17/06 | Lawrence E. Smith, Attorney for Milpitas Countryside Estates Dev., Inc. |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

EXHIBIT E

## Joint Venture AGREEMENT

This **JOINT VENTURE AGREEMENT** (hereinafter "The Agreement"),  is entered by and between **DIMAS, LLC.** ("the Owner") and **Milpitas Countryside Estate Development, Inc.** (hereinafter "**The Company**") on the day of _20ᵗʰ_ , June, 2001.

## RECITALS

Whereas, **DIMAS, LLC.** is the owner of that certain real property located at 1499 Country Club Dr., Milpitas, CA 95035 (see attached preliminary title report from Stewart Title Insurance Company, dated August 24, 2000)., the legal description is provided hereinafter in Exhibit "**A**", APN: 029-03-011

Whereas, the subject property has been approved by City of Milpitas for PUD 6-Lots Subdivision (see attached documents in Exhibit "**B**"). **DIMAS, LLC.** is in the process of finalizing all the necessary requirements from the City of Milpitas, CA to record the said Subdivision Map, Tract No. **#8652** prepared by **Sandis Humber Jones**, Registered Civil Engineer (see attached sub-division map as in Exhibit "**C**")

Whereas, the public off-site improvement drawings for the subject subdivision has been prepared by **Mark Saito**, Registered Civil Engineer (see attached documents in Exhibit "**D**"), the public off-site improvement permit is ready to be issued subject to the improvement bonds required by the City of Milpitas, CA.

Whereas, the Owner is seeking additional investment capital to develop, improve and build the subject property for profit.

Whereas, the Owner has appointed **John Ho**, as its sole agent and project manager to secure the investment group and financial lending institution to achieve the goal stated in the above paragraph.

D1219

1

00131

#15

## TERMS and CONDITIONS

Therefore, the parties hereby have agreed to the terms and conditions stipulated hereinafter to develop, improve, and build the subject property -lot 1 through 5- for profit.

1.  Due to the facts that all of the approval and subdivision agreement have been executed by and between DIMAS, LLC. and City of Milpitas, CA. and Preliminary Public Subdivision Report from D.R.E. has been issued and Final Public Subdivision Report is pending to be issued. It is very difficult to change the title from DIMAS, LLC. to the Joint Venture Parties without affecting the approval process and further delay of the project. Therefore the parties have agreed to let DIMAS, LLC. maintain the title of the subject property as the owner of the record and DIMAS, LLC. will permit a deed of trust in the amount of **One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00)** to be recorded in favor of **the company** upon close of escrow .

2.  The Investors will invest **One Million Three Hundred Fifty Thousand Dollars ($1,350,000.00)** to the Company as needed working capital for the project.

3.  The Company will keep existing mortgage from Investment Grade Loans, Inc. upon completion of the transaction, the company shall forward **Two Hundred Thousand Dollars ($200,000.00)** to Investment Grade Loans, Inc. as interest reserve for the payment of existing mortgage.

4.  The Owner will invest the net equity of the subject property, which is determined by the following terms agreed upon between the Owner and the Investors; (a) The subject property will be valued at **Four Million Seven Hundred and Fifty Thousand Dollars ($4,750,000.00)** less encumbrances against the property, which is **Two Million Seven Hundred Ten Thousand Dollars ($2,710,000.00)** stated in the Preliminary Title Report issued by Stewart Title Insurance Co. dated August 24, 2000.

5.  The profit sharing from **the Joint Venture** (income generated from Lot 1 through Lot 5)shall be as follows: (a) **DIMAS, LLC. – 35.00%;** (b) **the Investors – 65.00%.**

6.  The return of **DIMAS, LLC.'s** equity will be stated as follows: (a) Lot No. 6 in the pre-determine value of $1,000,000.00; (b) the balance of the net

2

equity in the form of cash which will be adjusted according to the Capital Account of **DIMAS, LLC.** reflected in the accounting of the Joint Venture.

7. The priority of the payment from the Joint Venture other than project direct related cost and expenses shall be as follows: (a) the Investor investment capital; (b) return of **DIMAS, LLC.'s** equity including Lot No. 6; (c) profit distribution according to paragraph 8 stated above.

8. The Joint Venture will employ John Ho (**Ridge View Investment Ltd., LLC.**) as its sole project manager to conduct daily business affair of The Joint Venture. The compensation for the project management fee will be at **5%** of total project cost indicated at project cost and profit analysis statement (see attached in Exhibit "**E**"). The duty and responsibility of the project manager will be stated in the contract agreement between The Joint Venture and **John Ho (Ridge View Investment, Ltd., LLC.)** The project management fee will be paid on the progress payment basis for the duration of the entire project (see attached project cash flow analysis as Exhibit "**F**").

9. The Company shall reimburse to **DIMAS, LLC.** for the project related costs. Such expenses shall be submitted by **DIMAS, LLC.** to the Joint Venture's project manager for review and approval before reimbursement.

10. From March 1, 2001, the obligation of the mortgage payment due to Investment Grade Loans, Inc. shall be the responsibility of the Joint Venture.

11. Upon completion of the transaction , The Company will pay **DIMAS, LLC. One Hundred Thousand Dollars ($100,000.00)** from its general funds which will deduct from **DIMAS, LLC's** equity in the Joint Venture as the Rakitin family's living expenditure for the fiscal year of 2001.

12. The Company will open a Bank Account with Bank of America located at Fremont, CA. - Beacon Branch - for the purpose of receiving and disbursing all the funds related to the Joint Venture business. Milpitas Countryside Estate Development, Inc. will be the party in charge of the disbursement of the funds for improvement and construction of the project development .

13. DIMAS, LLC. and Project Manager shall open a separate checking account for the purpose of the daily operation of the project and project manager shall make a budget request to the Company monthly for the

**3**

project working capital as needed directly related to the project development activities.

14. This Agreement shall not be modified or changed without the all parties approval and consent.

15. The Laws of the state of California shall be the governing laws in the events of dispute

16. Each of the persons signing this Agreement covenant that he or she has the authority to enter the Agreement and to bind the signing party.

**IN THE WITNESS WHEREOF,** the parties have executed this Joint Venture Agreement

**Milpitas Countryside Estates Development, Inc.**
**a California Corporation**

BY: _____

Its: _____

DATE: _6/20/2001_

**DIMAS, LLC.**

BY: _Adrienne L. Rakitin, Principal_

Adrienne Rakitin, Principal

DATE: _6/21/01_

**D1222**

4

EXHIBIT F

Th. Todd.

②

### Joint Venture AGREEMENT



This **JOINT VENTURE AGREEMENT** (hereinafter "The Agreement"), is entered by and between **DIMAS, LLC.** ("~~the Owner"~~) and ~~Milpitas Countryside Estate Development~~, Inc. (hereinafter **"The Company"**) on the __22nd__ day of June, 2001.

### RECITALS

Whereas, **DIMAS, LLC.** is the owner of that certain real property located at 1499 Country Club Dr., Milpitas, CA 95035 (see attached preliminary title report from Stewart Title Insurance Company, dated August 24, 2000)., the legal description is provided hereinafter in Exhibit **"A"**, APN: 029-03-011

Whereas, the subject property has been approved by City of Milpitas for PUD 6-Lots Subdivision (see attached documents in Exhibit **"B"**). **DIMAS, LLC.** is in the process of finalizing all the necessary requirements from the City of Milpitas, CA to record The said Subdivision Map, Tract No. #8652 prepared by **Sandis Humber Jones**, Registered Civil Engineer (see attached sub-division map as in Exhibit **"C"**)

Whereas, the public off-site improvement drawings for the subject subdivision has been prepared by **Mark Salto**, Registered Civil Engineer (see attached documents in Exhibit **"D"**), the public off-site improvement permit is ready to be issued subject to the improvement bonds required by the City of Milpitas, CA.

Whereas, the Owner is seeking additional investment capital to develop, improve and build the subject property for profit.

1



Ⓐ π EXHIBIT 23
Deponent A. Rakitn
Date 9-29-06 Rptr. U
WWW.DEPOBOOK.COM

D1108