Lawrence E. Smith (#083899)
18 Crow Canyon Court
Suite 205
San Ramon, California 94583
Telephone: (925) 820-4310
Facsimile: (925) 820-9727
Email: larry@lesmithlaw.com

Attorney for Creditor and Respondent
Milpitas Countryside Estates Development, Inc

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ) | |
| ) | Case No.: 5:07-CV-4084 JF |
| DIMAS, LLC, ) | |
| ) | OPPOSITION TO MOTION FOR |
| Debtor And Appellant ) | STAY OF PROCEEDINGS PENDING |
| _____ ) | APPEAL |
| ) | |
| RE: ) | Date: October 12, 2007 |
| ) | Time: 9:00 a.m. |
| Bankruptcy Case No. 02-51420MM ) | Judge: Hon. Jeremy Fogel |
| Adversary No. 02-5453 ) | |
| Appellant: Dimas LLC ) | |
| _____ ) | |

I. INTRODUCTION

Defendant and Appellee Milpitas Countryside Estates Development, Inc. ("Milpitas"), opposes the motion of Debtor and Appellant Dimas, LLC, asking this Court to stay proceedings in the Bankruptcy Court pending this appeal for the same reasons set forth in the

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

1

decision of Bankruptcy Judge Morgan in denying a stay upon Debtor's application to the Bankruptcy Court and for the further reason that Debtor has shown no abuse of discretion by Judge Morgan in making that decision. Debtor's present motion completely fails to acknowledge the deference this Court must give to Judge Morgan's denial of the request for a stay -- and, for that matter, to the trial court's decision on the merits upon this appeal -- and provides this Court no basis to overrule Judge Morgan's determination that a stay is not appropriate.

## II.  PROCEDURAL HISTORY

Milpitas has requested that this Court take judicial notice of the 25-page transcript of the "Continued Hearing On Objection To Claim re Milpitas Countryside Estates & Development, Inc." held on July 7, 2006, in which Judge Morgan explained the basis for her decision to permit Milpitas to file a Proof Of Claim years after the initial claims bar date, a decision that Debtor challenges in the present appeal. Debtor has requested that this Court take judicial notice of Judge Morgan's 34-page Memorandum Decision And Order After Trial On Complaint And Debtor's Objection To Claim Of Milpitas Countryside Estates Development, Inc., entered July 23, 2007, that Debtor likewise challenges in this appeal. The procedural history of this case -- up to the filing of this appeal -- is set forth in detail in those two documents and Milpitas trusts need not be repeated here.

On or about August 2, 2007, Debtor filed in this Court its Notice Of Appeal from the July 7, 2006, ruling of Judge Morgan allowing the filing of Milpitas' Proof Of Claim (the "Claim Filing Order") and the July 23, 2007, ruling of Judge Morgan, finding that Milpitas' claim should be allowed in the amount of $467,829 and denying Debtor relief on its complaint against Milpitas and Milpitas' co-defendant John Ho (the "Order After Trial"). Pursuant to an Order Shortening Time entered by Judge Morgan at Debtor's request, on August 3, 2007, Judge

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

Morgan heard the "Motion Of Debtor Dimas, LLC, To Stay Payment Of Claim Pending Appeal" (the "Bankruptcy Court Stay Motion"). The Debtor's notice of the motion, of which Milpitas requests this Court to take judicial notice, stated that the motion was being made because Debtor intended to file this appeal, because Federal Rule of Bankruptcy Procedure 8005 requires that a motion for stay of a bankruptcy court order be presented to the bankruptcy judge in the first instance, and because "there are and will be sufficient funds held in the estate's trust account to pay [Milpitas'] unsecured creditor's claim plus interest at the legal federal rate pending appeal." According to the Declaration Of Steven C. Finley in support of the Bankruptcy Stay Motion, of which Debtor requests this Court to take judicial notice, even if all disputed and undisputed claims other than that of Milpitas were paid, the estate's trust account would retain a balance of $646,066, which would provide assurance that Milpitas' claim would be paid if Milpitas prevails on this appeal. The Debtor's Memorandum submitted in support of the motion recognizes that "all administrative claims" would have priority over Milpitas' claim, though, but neither the Finley Declaration nor the Memorandum addresses the potential that administrative claims, including attorneys fees and expenses of this appeal and of other litigation in which Debtor remains embroiled, could reduce the estate beyond the amount necessary to pay Milpitas' allowed claim.

At the August 3, 2007, hearing, Judge Morgan denied Debtor's request for a stay pending appeal. Debtor has not provided this Court with a transcript of that hearing, in which Judge Morgan explained in detail the basis for her denial of the request. Judge Morgan introduced her discussion by informing the parties that the Court's consideration of a request for stay pending appeal must be governed by the factors discussed in the case In re Wymer, 5 B.R. 802 (B.A.P. 9th Cir. 1980). Judge Morgan's explanation of her denial of the requested stay

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

3

focused on the application of the four-part test for granting a discretionary stay, as set forth in Wymer:

> The accepted standards for discretionary stays are described in Schwartz v. Covington, 341 F.2d 537 (9th Cir. 1965):
>
> 1. Appellant is likely to succeed on the merits of the appeal.
>
> 2. Appellant will suffer irreparable injury.
>
> 3. No substantial harm will come to appellee.
>
> 4. The stay will do no harm to the public interest.

52 B.R. at 806.

Debtor's papers submitted in support of the motion failed to address these factors explicitly. The Finley Declaration stated Mr. Finley "believed" that there were good grounds for appeal, but the moving papers nowhere attempted to substantiate any possibility of success. Judge Morgan stated her opinion that she did not believe Debtor is likely to prevail, but did not, as Mr. Finley represents to this Court, agree with a statement made by Mr. Finley that he "supposed" a trial court would always believe that there was no chance of being reversed on appeal.

Judge Morgan said she did not believe Debtor would suffer irreparable injury, in spite of the Memorandum's argument -- contrary to the evidence -- that because Milpitas is supposedly controlled by foreign nationals, Debtor could not recover payments to Milpitas if Debtor wins the appeal. Milpitas' counsel cannot recall how Judge Morgan addressed the factor of substantial harm to appellee. Judge Morgan stated that it would not further the public interest to grant a stay.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

4

Following Judge Morgan's denial of the Debtor's request for a stay, Debtor made the present motion to this Court, seeking the relief that Judge Morgan denied.

III. ARGUMENT

The debtor's present motion asks this Court to find that Judge Morgan improperly weighed the factors set forth in <u>Wymer</u> governing a request for a stay pending appeal and, on the basis of the scant "evidence" before it, grant the stay Judge Morgan denied. This Court should decline the Debtor's invitation to second-guess Judge Morgan by re-evaluating <u>de novo</u> the four <u>Wymer</u> factors. Indeed, the critical holding of <u>Wymer</u> for purposes of the present motion is that this Court should defer to Judge Morgan's ruling in the absence of an abuse of discretion by Judge Morgan. As explained by the <u>Wymer</u> court:

> Any other rule would distort the delicate balance between trial and appellate levels and deny recognition of their respective roles, all to the detriment of the judicial system and of those it serves. Litigants are entitled to their day in court, and they are entitled to have the trial court's action reviewed but they are not entitled to a second trial or hearing, whether from another trial judge or from an appellate judge. This has not always been true of bankruptcy court litigation; trials de novo by district judges sitting as appellate judges were not completely eliminated until recent years. A most salutory feature of the Federal Rules of Bankruptcy Procedure was its requirement that the reviewing court accept the bankruptcy judge's findings unless they are clearly erroneous. FRBP 810. It is just as important to the properly functioning bankruptcy court that the trial judge's rulings on stays pending appeal be disturbed only in the event of error or abuse of discretion.

52 B.R. at 808.

Milpitas submits that Debtor has fallen far short of its burden to show an abuse of discretion by Judge Morgan. The abuse of discretion standard is "highly deferential." <u>Royal v. Kautzky</u>, 375 F.3d 720, 724 -725 (8th Cir.2004). A court abuses its discretion when "it makes an error of law or a clearly erroneous assessment of the evidence." <u>U.S. v. Weiland</u>, 284 F.3d 878,

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

5

882 (8th Cir.2002). Debtor has provided this Court nothing upon which the Court could find Judge Morgan committed either error.

This is not a case of a "supersedeas stay" in which the debtor has provided an undertaking sufficient to protect the rights of Milpitas: If it were, as debtor correctly argues, debtor would be entitled to a stay as a matter of right, as recognized by <u>Wymer,</u> 52 B.R. at 804-06. (The sufficiency of the undertaking would remain a matter for consideration by the bankruptcy court in the first instance, however. See <u>Wymer</u>, 52 B.R. at 804.)

Viewed as a request for a "discretionary stay", the debtor has not shown that Judge Morgan made a clearly erroneous assessment of the evidence or an error of law in finding that debtor had not satisfied the four-part test for obtaining a stay pending appeal, an analysis not even presented in Debtor's papers submitted in support of its request to the Bankruptcy Court. Most significantly, Debtor has shown no prospect of prevailing on the merits in this appeal. If the Court reviews the Claim Filing Order and the Order After Trial, the Court should see that Judge Morgan based her decisions to permit the late filing of Milpitas claim, to allow Milpitas' claim and to deny Debtor recovery against Milpitas on extensive, carefully considered factual findings and legal analysis. Judge Morgan's findings of fact should not be set aside by this Court unless clearly erroneous, and due regard should be given to Judge Morgan's opportunity to judge the credibility of the witnesses. F.R.B.P. 8013. Debtor's bare assertions that Judge Morgan made incorrect factual findings cannot support a finding by this Court that debtor has any significant, much less substantial, possibility of prevailing on appeal. Further, debtor has not even attempted to demonstrate any legal error in Judge Morgan's opinions that are being appealed. Accordingly, this Court has no basis to find that Judge Morgan abused her discretion in finding that debtor has not shown a substantial possibility of prevailing upon appeal.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

6

Second, debtor has not shown that it would be irreparably harmed if payment of Milpitas claim is not stayed pending the outcome of this appeal. Contrary to what debtor's moving papers suggest, the shareholders of Milpitas are United States citizens who hold substantial real property interests in California. (See Declaration Of Tony Hu) There is no reason to believe that debtor could not recover any payments to Milpitas in the unlikely event that debtor were to prevail upon appeal. On the other hand, Milpitas has foregone the use of almost half of a million dollars for over five years and can never recover the opportunity cost of those funds if this Court delays restitution to Milpitas further, irreparably harming Milpitas.

Debtor attempts to overcome the difficulties in its present motion by arguing that Milpitas' eventual recovery is fully secured by excess funds in the debtor's estate. Milpitas acknowledges that <u>Wymer</u> recognizes a "modified supersedeas stay" in which a Court has discretion to impose a stay if an appellee is fully protected. <u>Wymer</u>, 52 B.R. at 806, but the Wymer court placed the burden of showing "full protection" squarely on the appellant:

> In departing from both the normal supersedeas bond and the normal discretionary stay rules (high probability of success on appeal and irreparable injury), the burden is on the appellant. "If a court chooses to depart from the usual requirement of a full security bond to suspend the operation of an unconditional money judgment, it should place the burden on the moving party to objectively demonstrate the reasons for such departure. It is not the burden of the judgment creditor to initiate contrary proof. Such a supersedeas bond is a privilege extended the judgment debtor as a price of interdicting the validity of an order to pay money.
>
> 52 B.R. at 807.

Debtor attempts to satisfy this burden by the bare declaration of its counsel that there are sufficient funds in the debtor's estate to satisfy all claims including that of Milpitas, although at the same time claiming that debtor would have no funds to litigate to recover money paid to Milpitas if a stay is not granted.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF

Debtor's unsubstantiated argument that Milpitas' claim is fully protected fails to justify this Court's grant of a stay.  The determinative factor for this Court's purposes should be that, as discussed earlier, Debtor made the same argument in its request for a stay to the Bankruptcy Court, that the Judge Morgan rejected it and that Debtor has shown no abuse of discretion by Judge Morgan in doing so.  Debtor continues to incur administrative expenses, not only for the living expenses of Debtor's principal but for the incessant litigation that Debtor pursues.  In this case alone, it appears that Debtor has expended over $150,000 prior to the present appeal and the Debtor remains involved in litigation against other parties in addition to this appeal.  Without a bond, Milpitas faces the prospect of its claim being consumed by the expenses of Debtor's litigation and other administrative expenses.

IV.  CONCLUSION

The present motion asks this Court to overturn the denial by the trial court of Debtor's request for a stay pending appeal.  This Court should only do so if it finds that Bankruptcy Judge Morgan abused her discretion in denying a stay when Debtor sought a stay from her.  Milpitas respectfully submits that Debtor has shown this Court nothing to suggest that Judge Morgan made an error of law or clearly erroneous weighing of the evidence in denying Debtor's request for a stay, and as a consequence, this Court should deny Debtor's motion.

    Respectfully submitted,

_____
Lawrence E. Smith
Attorney for Milpitas Countryside
Development, Inc.

OPPOSITION TO MOTION FOR STAY OF PROCEEDINGS PENDING APPEAL --
Case No.: 5:07-CV-4084 JF