

Steven C. Finley CSB# 074391
HENNEFER, FINLEY & WOOD, LLP
425 California Street, 19th Floor
San Francisco, CA 94104
Telephone: (415) 296-0111
Facsimile: (415) 296-7111
Email: finley@finleydeaton.com

Special Counsel for Debtor and Appellant DIMAS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re:<br><br>DIMAS, LLC<br><br>            Debtor and Appellant.<br><br>RE:<br><br>Bankruptcy Case: 02-51420-MM<br>Adversary No. 02-5453<br>BAP No. n/a<br>Appellant: Dimas LLC | Case No.: 5:07-CV-4084 JF<br><br>**DEBTOR'S REPLY IN SUPPORT OF MOTION FOR STAY PENDING APPEAL**<br><br>Date: October 12, 2007<br>Time: 9:00 a.m.<br>Courtroom: Hon. Jeremy Fogel |

## I. INTRODUCTION

Debtor/Appellant Dimas, LLC filed a motion with the bankruptcy court, on shortened time, to stay payment of a creditor's claim pending appeal on the basis that the amount of the claim was fully protected by funds remaining in the trust account of the debtor's estate, controlled by the court. Debtor sought a stay based upon a modified supersedeas (i.e. adequate protection by funds on deposit with the court rather than posting of a bond).

In denying the motion, the bankruptcy court *did not address the request for modified supersedeas – the adequacy of funds on deposit,* but based its ruling upon debtor's failure to

demonstrate likelihood of success on appeal and irreparable injury. While these factors are applicable to a discretionary stay *absent a supersedes bond or a modified supersedas*, they do not bear upon the issuance of a modified supersedas.

Because the bankruptcy court failed to exercise its discretion with regard to the issuance of a modified supersedas, this court is free to exercise its own discretion and should grant the stay since appellee is fully protected and will suffer no prejudice.

## II. THE BANKRUPTCY COURT'S DENIAL OF A DISCRETIONARY STAY DID NOT ADDRESS DEBTOR'S MOTION FOR A MODIFIED SUPERSEDEAS BASED UPON ADEQUATE PROTECTION

On August 3, 2007, the bankruptcy court heard debtor's motion for stay upon shortened time. Debtor's moving papers are attached to MCED's Request for Judicial Notice as Exhibits 2, 3 and 4. The basis upon which debtor sought a stay was that "…there are more than adequate funds in the estate's trust account to pay MCED's claim, plus interest at the legal federal rate pending appeal [there being] approximately $180,000 in excess of the allowed claim…" (MCED Request for Judicial Notice, Exhibit 3 at page 2). The motion for stay attached a declaration from debtor's counsel as to the amount remaining in debtor's trust account as at June 30, 2007 and the projected balance remaining after payment of the one other remaining unsecured creditor's claim and administrative fees, namely a balance of $646,066.94 (MCED Request, Exhibit 4 at ¶¶ 5-7).

While the transcript of the hearing before the bankruptcy court is presently unavailable, counsel for both appellant and appellee are in agreement that the court denied a *discretionary stay* on the basis that:

1. Debtor had not demonstrated the likelihood of success on appeal (Finley Declaration in support of the present motion, ¶ 5(1); MCED Opposition at page 4);

2.  Appellant would not suffer irreparable harm if the stay were not granted (Finley Declaration in support of this motion, ¶ 5(2); MCED Opposition at page 4); and

3.  The public interest was not furthered by a stay (Finley Declaration in support of this motion, ¶ 5(3); MCED Opposition at page 4).

The bankruptcy court made <u>no finding</u> as to whether the appellee would suffer substantial harm by the granting of a stay (Dimas Memorandum in support at page 8; Opposition at page 4: "[Milpitas'] counsel cannot recall how Judge Morgan addressed the factor of substantial harm to appellee.").

Appellee MCED argues that debtor's motion to this court to stay payment of the claim pending appeal should be denied because debtor has not demonstrated that the bankruptcy court abused its discretion in denying a discretionary stay under the four part test set forth by the court. *In Re Wymer* 5 B.R. 802, 806 (B.A.P. 9th Cir. 1980).

The court *In Re Wymer*, supra, described "<u>three types of stays</u>, one that issues as a matter of right [supersedeas stay], another that is discretionary, and a third that combines features of the first two." *In Re Wymer*, supra 5 B.R. at 804. The third type of stay described by the court *In Re Wymer*, supra is titled "**Modifed Supersedeas**," (5 B.R. at 806-807), and it is this type of stay which debtor sought in its motion to the bankruptcy court (MCED Request for Judicial Notice, Exhibits 2-4). This type of stay does not require a showing of probable success or irreparable injury:

> "Somewhat different standards are applied when discretionary stays of money judgments depart from the non-discretionary supersedeas stay of FRCP 62(d). The starting point is a requirement of former Rule 73(d) that good cause be shown. *If the appellee is fully protected, good cause **does not require a showing of probable success or of irreparable injury**.*"
> *In Re Wymer*, supra 5 B.R. at 806; emphasis added.

///

HENNEFER, FINLEY & WOOD, LLP
ATTORNEYS AT LAW

In its ruling, however, the bankruptcy court did not address the request for a modified supersedeas and the showing that appellee (MCED) was fully protected by the estate's funds, but rather focused on the standards for a discretionary stay, in which a showing of likelihood or substantial possibility of success on the merits and irreparable injury *are* required. MCED's argument to the effect that the bankruptcy court rejected the claim of full protection (Opposition at page 8), is immediately belied by the fact that the court made <u>no finding</u> as to whether a stay would cause substantial harm to appellee. The bankruptcy court made no finding that appellee was not fully protected by estate finds, but rather addressed the discretionary stay factors which were not pertinent to debtor's motion.

### III. A FAILURE TO EXERCISE DISCRETION RESULTS IN *DE NOVO* REVIEW

In opposition, MCED stresses that appellant has not demonstrated an abuse of discretion on the part of the bankruptcy court in denying its motion for stay pending appeal. However, because the bankruptcy court failed to address debtor's request for a modified supersedeas based on full protection of its claim, the bankruptcy court failed to exercise its discretion. Where there is a failure to exercise discretion, the standard of review by an appellate court is not the deferential abuse of discretion standard, but rather review *de novo* (see *Abatie v. Alta Health and Life Ins. Co.* 458 F. 3d 955, 972 (9th Cir. 2006)).

### IV. THE FUNDS IN THE DEBTOR'S TRUST ACCOUNT, CONTROLLED BY THE COURT, PROVIDE APPELLEE WITH FULL PROTECTION

In support of this motion, debtor has filed a Declaration from its counsel attaching a statement of its trust account dated June 30, 2007 showing a balance in the sum of $997,032.74, together with a listing of outstanding unsecured creditors and administrative claims and a projected balance of $646,066.94 after payment of all possible claims (Finley Declaration in

Support, Exhibit A and ¶¶ 7-10).[1] Together with this Reply Memorandum is attached Dimas' account statement as at August 31, 2007 showing a balance of $887,923, net of payment of Dimas' operating expenses of $24,000 and compensation of Dimas' bankruptcy counsel of $91,102 as stated in Dimas' moving paper (Finley Declaration in Support, ¶ 8). Dimas' account statements show that the account is earning interest of over $3,000 per month.[2]

MCED dismisses this showing that its claim of $467,829 is fully protected as a "bare declaration...of counsel" (Opposition at 7:23), and argues, without any substantiation, that "[MCED] faces the prospect of its claim being consumed by the expenses of debtor's litigation and other administrative expenses", citing over $150,000 for this case alone prior to the present appeal, the present appeal, and "litigation against other parties in addition to this appeal". In fact, as set forth in the accompanying declaration of debtor's counsel, all legal fees incurred by the debtor in connection with this case, prior to the present appeal, have already been paid out of the estate's trust account, there is only one adversary proceeding outstanding in which debtor is seeking to recover approximately $22,000 in attorney's fees as prevailing party against an unsuccessful administrative claimant, and any administrative fees incurred in the prosecution of that adversary proceeding and this appeal will not diminish or reduce the ability of MCED to be paid from the estate's trust account.[3]

While the amount of a supersedeas bond or modified supersedeas lies within the discretion of the court, the decision In Re Wymer, references a local rule in the Southern District of New

---

[1] This projected balance allows for full payment of $85,863 in disputed legal fees, some or all of which may be disallowed by the court.

[2] The August 31, 2007 statement is attached to the Finley Reply Declaration filed herewith, as Exhibit A.

[3] Administrative expenses in connection with the adversary proceeding for recovery of attorney's fees are estimated not to exceed $10,000, and administrative expenses in connection with this appeal estimated not to exceed $50,000, still leaving more than $100,000 in excess of MCED's claim (Finley Reply Declaration, ¶¶ 5 and 6).

York requiring that the supersedeas bond be 111% of the judgment plus $250 to cover costs on appeal. *In Re Wymer*, 5 B.R. at 805. Given MCED's claim of $467,829 this figure amounts to a bond of $519,540 substantially less than the projected balance of $646,066.

Debtor has satisfied its burden of showing good cause for the allowance of a modified supersedeas. The imposition of a bond requirement is unnecessary since the monies required to pay MCED's claim plus interest and costs are presently held, and will continue to be held, within debtor's trust account controlled by the court.

### V. WHILE MCED IS FULLY PROTECTED PENDING A STAY ON APPEAL, THE DEBTOR WOULD BE SEVERELY PREJUDICED BY PAYMENT OF THE CLAIM

While a showing of irreparable injury is not required upon request for modified supersedeas, it is apparent that payment of the claim to MCED pending appeal would severely prejudice appellant for two reasons:

1. Appellant has been advised by MCED's counsel that MCED, as distinct from its shareholders, is without funds (Finley Declaration, ¶ 12); and

2. If appellant is successful in its appeal, it would then be required to expend substantial legal fees to seek recovery from an entity without assets.

MCED seeks to counter this argument by submitting a declaration from one of its shareholders (Tony Hu) to the effect that he and the other shareholder of MCED are U.S. citizens with substantial equity in their homes (Hu Declaration, ¶¶ 2-4). However, this does not speak to the assets or income of MCED, and it is MCED which is the claimant and payee. Absent a showing of alter ego, it is from MCED that debtor would be required to seek recovery if the claim were paid pending appeal.

///

///

## VI. THIS COURT MAY ALSO GRANT A NON-SUPERSEDEAS DISCRETIONARY STAY

The bankruptcy court denied a discretionary stay, with the finding that debtor had not shown likelihood of success on the merits of the appeal, that debtor would not suffer irreparable injury by denial of the stay and that a stay would not further the public interest, with no finding as to whether the stay would result in substantial harm to appellee. As MCED correctly points out, had debtor applied to the bankruptcy court for this third type of stay, a discretionary stay, it would be necessary to demonstrate to this court that the bankruptcy court's denial was an abuse of discretion, *In Re Wymer*, 5 B.R. 802, 803. MCED cites the standard for abuse of discretion as "an error of law or a clearly erroneous assessment of the evidence" *U.S. v. Weiland*, 284 F. 3d 878, 882 (8th Cir. 2002); however, the district court still reviews issues of law *de novo*. *In Re Irwin*, 338 B.R. 839, 844 (E.D. Cal. Dist. Ct. 2006).

The bankruptcy court's findings misstate the standard with respect to public interest – the standard is not whether a stay would further the public interest (MCED Opposition at 4:24-25), but rather whether the stay would *do harm* to the public interest – a different issue as to which the bankruptcy court made no finding.

More important, is the bankruptcy court's finding that debtor had not shown a likelihood of success on appeal, when debtor did not in fact attempt to do so since it was not seeking a discretionary stay. This criteria raises a logical conundrum since a trial court judge who has just rendered a decision against the appellant is, as the bankruptcy court conceded, extremely unlikely to exercise its discretion in favor of a finding that appellant is likely to succeed in overturning that decision. If the bankruptcy court's finding in that regard is reviewed on the abuse of discretion standard, rather than *de novo* as a legal issue, satisfying this standard as the basis for a discretionary stay would be near to impossible. In its papers in support of its motion for stay to

this court, debtor has demonstrated, at least, that the appeal raises substantial issues and is not frivolous (Memorandum in Support, pages 6-8).[4]

Finally, as to the finding of no irreparable injury, because debtor was appealing a money judgment, MCED argues that the bankruptcy court's finding is supported by the fact that MCED's shareholders have substantial assets, which debtor could pursue should its appeal be successful. This, however, does nothing to controvert the fact that MCED, the entity which debtor would need to pursue, is without funds (Finley Declaration in Support, ¶ 12).

## VIII. CONCLUSION

Debtor/appellant has demonstrated that appellee is fully protected by funds remaining in the estate account, controlled by the court, and that as a result, appellee is not prejudiced by a stay of payment of the claim pending this appeal. On the other hand, payment of the claim pending appeal would, in effect, render the appeal moot and thereby deprive debtor of its right of review. If debtor's appeal is successful, debtor would then be confronted with costly litigation, which it can ill afford, against a party without funds. Both the practicalities and the equities weigh heavily in favor of a stay.

Dated: September 28, 2007

HENNEFER, FINLEY & WOOD, LLP

By: /s/ Steven C. Finley
Steven C. Finley, Special Counsel for Debtor and Appellant DIMAS, LLC

---

[4] Without access to the extensive record (a four day trial with over 50 exhibits) and the submission of briefs, it is unrealistic to expect an appellate court to assess at this stage whether appellant is likely to succeed on the merits.